STATE *vs.* FREDERICK N. WINDER.

PROVIDENCE—JULY 19, 1900.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1)  *Criminal Law.  Indictment.*

An allegation, in an indictment charging the larceny of corporate property, that the corporation was "duly chartered and organized under the laws of the State of Rhode Island" is surplusage, and there is no occasion for proving it.  All that is needed in an averment of ownership in a corporation is to state the fact of ownership in a corporate body and to give the name of the corporate owner correctly.

(2)  *Indictment.  Variance.*

*Semble,* an indictment for larceny alleged that the owner of the property stolen was a corporation "chartered under the laws of the State of Rhode Island," while the evidence showed that it was chartered by the "State of Rhode Island and Providence Plantations":—

*Held,* that the variance was trivial and not of such a nature as to warrant quashing the indictment.

INDICTMENT charging the defendant with the larceny of certain property "of the Gorham Manufacturing Co., a corporation duly chartered and organized under the laws of the State of Rhode Island."   The facts are stated in the opinion. Heard on petition of defendant for a new trial.   New trial denied.

TILLINGHAST, J.   The only ground upon which the defendant asks for a new trial is that the Common Pleas Division refused to quash the indictment because of a variance between the allegation and the proof in this: The indictment alleges that the Gorham Manufacturing Company, the owner of the property stolen, was a corporation duly chartered and organized under the laws of the State of Rhode Island; while the certified copy of the act under which it was organized, which was offered in evidence, showed that it was chartered by the "State of Rhode Island and Providence Plantations."   The variance, if such it can properly be called,

was trivial and not of such a nature as to warrant the court in granting the motion to quash.

(1)    Moreover, the allegation in the indictment that the corporation named was "duly chartered and organized under the laws of the State of Rhode Island" was surplusage, and hence there was no occasion for proving it. "All that is needed in an averment of ownership in a corporation is to state the fact of ownership in a corporate body and to give the name of the corporate owner correctly." *McCarney* v. *People*, 83 N. Y. 408.

In the case at bar it was necessary to prove that the owner was a corporation and that it existed under the name alleged in the indictment; and as this was done, everything was proved that was necessary to have been averred in the indictment regarding ownership.

We are aware of the rule that no allegation, whether it be necessary or unnecessary, which is descriptive of the identity of that which is legally essential to the charge in the indictment can ever be rejected as surplusage. *State* v. *Fitzpatrick*, 4 R. I. 269. For instance: In an indictment for the larceny of a "black horse" the case cannot be made out by proof that the horse stolen was of some other color. And the same strictness of proof is required where a *place* is mentioned in an indictment, not as a matter of venue, but of local description. But it is evident that the exact technical name of the State by whose authority the corporation which owned the property that was stolen was created is in no way descriptive of the identity of anything which is essential to the charge in an indictment for larceny. It is also evident that the defendant in the case at bar was in no whit prejudiced by the ruling complained of.

In *Com.* v. *Inhabitants of Dedham*, 16 Mass. 141, it was held that charging in the indictment that the offence was committed by the town of Dedham, instead of the Inhabitants of the Town of Dedham, which was the corporate name, was sufficiently certain, and also that the defendants were rightly named. In *State* v. *Read*, 12 R. I. 135, it was

held that an error in the name of the corporation in the complaint was not ground for quashing the complaint.　See also *State* v. *Habib*, 18 R. I. 558 ; *State* v. *Wright*, 16 R. I. 518 ; Gen. Laws R. I. 285, § 4[1]; Bishop's Directions and Forms, p. 35, note 11.

Petition for new trial denied, and case remitted for sentence.

*Willard B. Tanner*, *Attorney-General*, for the State.
*Franklin P. Owen*, for defendant.

---

[1] Gen. Laws R. I. cap. 285, § 4.　" No indictment or other criminal process shall be abated or quashed for any want of form, provided it contain such allegations of the offence that the accused shall be able to plead and make defence thereto without prejudice to his rights, and to avail himself of any judgment that may be rendered thereon in case of a second complaint against him for the same offence, and every defect and want of substance in any such process may be amended and supplied with the consent of the accused."